

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 9, 1970

Mr. Charles R. Barden                Opinion No. M-685
Executive Secretary
Texas Air Control Board          Re:  Authority of the Texas Air
1100 W. 49th Street                   Control Board to certify
Austin, Texas    78756                air pollution control faci-
                                      lities under Section 169 of
Dear Mr. Barden:                      the Internal Revenue Code.

        Your request for our opinion contains the following ques-
tions:

    (1)  In view of Section 169 of the Internal Revenue
         Code entitled "Amortization of Pollution Con-
         trol Facilities", may the Texas Air Control
         Board qualify as a state certifying authority
         to certify the facility as designed or con-
         structed to achieve control of air pollution,
         and has the Board been given the legislative
         power to certify such facilities?

    (2)  If the answer to question (1) is in the nega-
         tive, then what would be the state certifying
         authority which would have the jurisdiction
         to act?

        Section 169 of the Internal Revenue Code of 1954 was
amended by Public Law 91-172, and now provides that new air
pollution control facilities can be amortized, for tax deduc-
tion  purposes, over a 60-month period.  Under Section 169(d)
a certified pollution control facility means a new identifiable
treatment facility which is to be used, in connection with a
plant that was operating prior to January 1, 1969, to abate or
control atmospheric pollution or contaminations by removing,
altering, disposing or storing the contributing elements.

        In order to secure this deduction, the taxpayer must ob-
tain the certification of the facility from the Secretary of
Health, Education and Welfare and from a state certifying auth-
ority.  The state certifying authority provided for in the Code
is "a single State agency designated by the Governor of the State
as the official State air pollution control agency", and as de-
fined in Section 3.02(b)(1) of Federal Clean Air Act.

You have advised us that the Governor of Texas has in writing officially designated the Texas Air Control Board as the official Texas State Air Pollution Control Agency. Furthermore, the Texas Clean Air Act, Article 4477-5, Vernon's Texas Civil Statutes, and sometimes referred to herein as the Act, Section 1.05 specifically provides:

> "The Texas Air Control Board is the State Air Pollution Control Agency. The Board is the principal authority in the state on matters relating to the quality of the air resources in the state and for setting standards, criteria, levels and emission limits for air content and pollution control".

The policy of the Texas Clean Air Act is set out in Section 1.02 thereof, as follows:

> "It is the policy of this State and the purpose of this Act to safeguard the air resources of the state from pollution by controlling or abating air pollution and emissions of air contaminants, consistent with the protection of health, general welfare, and physical property of the people, including the esthetic enjoinment of the air resources by the people and the maintenance of adequate visibility".

In keeping with the policy and purpose set out above, broad powers are given to the Board to perform its duties and functions.

Section 3.01 provides:

> "The board shall administer the provisions of this Act and shall establish the level of quality to be maintained in, and shall control the quality of, the air resources in this state as provided in this Act. The board shall seek the accomplishment of the purposes of this Act through the control of air contaminants by all practical and economically feasible methods

consistent with the powers and duties of the board. The board has the powers and duties specifically prescribed in this Act and all other powers necessary or convenient to carry out its responsibilities. (Emphasis added)

Section 3.08 provides:

"The board may make contracts and execute instruments that are necessary or convenient to the exercise of its powers or the performance of its duties".

Section 3.19 further charges the Board to cooperate with and give assistance to interested persons, groups, other states and the federal government.

With respect to your questions, a limitation is found under Section 3.10(b) of the Act which reads:

"Except that provided in Subsections (c), (d), (e), and (f) of this Section, the rules and regulations may not specify any particular method to be used to control or abate air pollution, nor the type, design or method of installation of any equipment to be used to control or abate air pollution, nor the type, design, or method of installation or type of construction of any manufacturing process or the kind of equipment". (Emphasis added)

Neither of the above enumerated exceptions apply to the questions before us.

Board action is also limited in Section 3.11 with respect to the air conditions existing solely within buildings and structures used for commercial and industrial plants, works or shops when the source of the offending air contaminant is under the control of the person who owns or operates a plant, works, or shops or which affects the relation between employers and their employees in the respective plant.

Neither Section 3.10 nor 3.11 prohibits certifying an air control facility which is the subject of your question.

The overall authority of the Board to issue and enter orders and make determinations is very broad.  Section 3.12 of the Act, in its pertinent part, reads as follows:

> "(a)  The board is authorized to enter orders
>       and determinations as may be necessary
>       to effectuate the purpose of this Act,..."

It is the opinion of this office that the Texas Air Control Board, being the principal State Air Pollution Control Agency, with the total power to safeguard the air resources of the state from pollution, by controlling or abating air pollution and emissions of air contaminants, has the authority and may certify facilities which are designed or constructed in order to achieve control of air pollution.

Therefore, whenever the Board determines that a facility is designed or constructed as a measure whose purpose is the protection of the public health and public welfare authorized by the Act, it has the authority to enter appropriate orders. It is proper statutory construction that such Act is entitled to a liberal construction for the accomplishment of the obvious beneficial objectives.  3 Sutherland Statutory Construction, Section 7203 (1943).  There is always a strong presumption in favor of the validity of the statute and the acts performed thereunder.  Department of Health, State of New Jersey v. Owens-Corning Fiber Glass Corporation, 100 N.J. Super. 366, 242A.2d 21, (1968).  Houston Compressed Steel Corporation v. The State of Texas, _____ S.W.2d _____ (Tex.Civ.App., Houston, June 25, 1970, Rehearing overruled, July 23, 1970).

It is therefore unnecessary to answer your second question.

## S U M M A R Y

The Texas Air Control Board has the power
and authority under Article 4477-5, Vernon's
Texas Civil Statutes, to certify facilities
as designed or constructed for the purpose
to achieve control of air pollution under
the provisions of Section 169 of the Inter-
nal Revenue Code.

Mr. Charles R. Barden, page 5    (M-685)

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Vince Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jack Goodman
Bob Darden
James Quick
Austin C. Bray, Jr.

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant